The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201
Dear Mr. McCuen:
This is in response to your request for an opinion regarding the length of time your office must retain physical possession of certain documents which are required to be filed with the Secretary of State. These documents contain disclosures relating to ethics and conflicts of interest which certain elected officials, candidates for office, and lobbyists are required to make. Specifically, you have asked for an opinion as to the retention of each of the following classes of records:
 1. Income Disclosure Statements, as required by A.C.A. 21-8-201 to -204 (1987).
 2. Lobbyist Registration and Activity Reports, as required by A.C.A. 21-8-601 to -607 (Cum. Supp. 1993).
 3. Statements of Financial Interest, as required by A.C.A. 21-8-701 to -704 (Cum. Supp. 1993).
 4. Conflict of Interest Statements, as required by A.C.A. 21-8-801 to -803 (Cum. Supp. 1993).
 5. Disclosures of Sales to the State, as required by A.C.A. 21-8-901 to -903 (Cum. Supp. 1993).
All of the statutory sections referenced in your request are located in Chapter 8 of Title 21 of the Arkansas Code Annotated. The only provision therein which pertains to the retention of records by the official with whom the statements are required to be filed appears at A.C.A. 21-8-307 (Cum. Supp. 1993), which states:
 The official with whom the statements are required to be filed pursuant to this subchapter shall retain all such written statements in a file as a public record which shall be open to public inspection during all office hours. Such statements shall be retained as a public record for five (5) years after which time the statements shall be destroyed. [Emphasis added.]
This provision pertains to financial disclosure statements which school board members and candidates for school boards, as well as members of certain municipal and county boards and commissions, are required to file pursuant to A.C.A. 21-8-305 (Cum. Supp. 1993). County and school district officials are required to file these statements with their respective county clerks, and municipal officials are required to file with the city clerk or recorder, as the case may be. A.C.A. 21-8-306(a)(2) (3) (Cum. Supp. 1993). The statutory provisions which are referenced in your question are not located in the same subchapter as A.C.A.21-8-307, and thus this provision regarding retention of records is not applicable to the types of documents referenced in your question. As I find no provisions in Chapter 8 of Title 21 pertaining to retention of the specific records noted in your request, it is necessary to look elsewhere in the Arkansas Code Annotated to determine whether there are any other provisions which would govern retention of these records.
After reviewing the statutes regarding the general duties of the secretary of state, I find none which address the period of retention of records in his or her possession. See generally Ark. Const., art. 6, §§ 21-22; A.C.A. 25-16-403 (Repl. 1992). See also A.C.A. 25-18-102 (Repl. 1992) (concerning microfilming of records by secretary of state but containing no requirements on retention of records). Additionally, after further research for any broad or generalized requirements concerning record retention on the part of state offices and agencies, it is my conclusion that there are, strictly speaking, no concrete requirements as to the retention of state records in general.[1] It appears that in 1973 the General Assembly attempted to set up a comprehensive records management program when it passed the Public Records Management and Archives Act. See A.C.A. 13-4-101 et seq. (1987 and Cum. Supp. 1993). After passage of this act, the legislature failed, however, to appropriate sufficient funds for the administration of the act, and in 1987 the act was significantly amended to reflect this situation. See Watkins, The Arkansas Freedom of Information Act (mm Press, 2d ed. 1994) at 15. The Arkansas History Commission, which is to administer the Public Records Management and Archives Act, is now authorized to function in an advisory role with respect to the retention of state records. Under the amended act, each "agency" (see A.C.A.13-4-103(1) (1987) for definition of the term) of the state and its political subdivisions is to "develop and implement an efficient and economical program for the management of the agency's records . . . in accordance with uniform standards and principles set forth by the Arkansas History Commission as guidelines to be followed in the preservation and management of agency records." A.C.A. 13-4-105(c) (Cum. Supp. 1993). The history commission, upon written request, is to provide assistance to an agency with respect to the period of time that its records should be maintained. A.C.A. 13-4-105(d) (Cum. Supp. 1993). Once an agency has adopted such standards, it is "unlawful for any public official knowingly to fail to maintain or preserve, or to destroy, any record of the agency" except in accordance with the agency's established standards and regulations. A.C.A. 13-4-110(b) (1987). See also A.C.A.13-4-110(c) (1987) (providing that violation of the foregoing provision is a misdemeanor punishable by a fine of not less than $100.00 nor more than $1,000.00 and/or imprisonment for not less than 30 days nor more than 1 year).[2]
Despite the 1987 act which amended the Public Records Management and Archives Act, as described above, and despite the authority given to the Arkansas History Commission to develop uniform standards and principles to be utilized as guidelines in the preservation and management of agency records (see A.C.A.13-4-105 (Cum. Supp. 1993)), it is my understanding that the history commission never received funding for developing these guidelines, and as such, the commission generally advises agencies to make their own decisions with regard to retention of their records. It is required by statute, however, that an agency inform the history commission in writing of any records the agency plans to destroy in the event that the commission would be interested in preserving such records. A.C.A. 13-3-107(b) (1987). Thus, as a general matter, it appears that state governmental entities have considerable discretion with respect to the management and retention of records in their possession.
Finally, it should be noted that, despite the lack of a general management system for the retention of state records, there are specific statutes governing retention and disposition of particular records. Arkansas Code Annotated 21-8-307, as discussed on page two of this opinion, is an example. Additionally, there are several statutes which pertain to the retention of county records. See generally A.C.A. 13-10-101 to -108 (Cum. Supp. 1993). Specifically, A.C.A. 13-10-106(2)(C)(iv) (v) require that counties maintain code of ethics statements and financial disclosure statements for five (5) years. Several of the provisions which you have referenced in your request require filings with county clerks, as opposed to the secretary of state, and thus are covered by this "five year requirement." See e.g. A.C.A. 21-8-703(2) (Cum. Supp. 1993) (providing that county, township, and school district public servants are required to file statements of financial interest with their respective county clerks).
In view of the foregoing discussion, it appears that there are no statutory provisions, either general or specific, which mandate that the secretary of state retain for any length of time the records referenced in the opinion request. Despite this fact, however, it is my opinion that in keeping with the spirit and purposes for which these records are required to be filed, namely, promoting ethics in government, the secretary of state should adopt policies with respect to retention of these types of records and act in a manner consistent with these policies. For example, a policy that established a "five year retention period" for the ethics and conflict of interest records which you have referenced in your request and which are required to be filed with your office would, in my opinion, be reasonable, especially in view of the fact that similar records are required to be kept for that length of time (see A.C.A. 21-8-307) and in view of the fact that certain of these same types of records, when required to be filed with the county clerks, must be retained by the county for five years. See A.C.A. 13-10-106(2)(C)(iv) (v). Additionally, the fact that many, if not all, of the records referenced in your request will fall within the scope of the Arkansas Freedom of Information Act (FOIA) as "public records" requires consideration in retention of these records. While it imposes no requirements on retention of public records, but rather provides a mechanism by which records can be reviewed by the public, the FOIA is certainly contemplated within the provisions to which you have referred. See e.g. A.C.A.21-8-603(b) (stating that lobbyist activity reports shall be open to public inspection); 21-8-606(3) (requiring that the secretary of state and other public officials with whom lobbyist reports are required to be filed make all statements and reports filed available for public inspection and copying). Thus, while I find no authority mandating that the secretary of state keep the documents in question for any length of time, it is my opinion that your office should establish policies with respect to the retention of such records. As I have stated, it is my opinion that a policy establishing a "five year retention period" would be reasonable.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] As a general matter, there is a statute, A.C.A. 16-46-101
(b)(1) (Repl. 1994), which appears to allow any governmental agency or department to destroy original records it has caused to be reproduced in some other fashion unless "its preservation is required by law." This statute, however, does not indicate a time limit for records retention or govern their destruction.
[2] It should also be noted that there is a provision in the Arkansas Criminal Code, A.C.A. 5-54-121 (Repl. 1993), which makes "tampering with a public record" a class D felony. This offense includes removal or destruction of a public record. However, as Professor John Watkins notes in The Arkansas Freedom of Information Act (mm Press, 2d ed. 1994) at 18, "[t]he relationship between this statute and the criminal penalty provision of the Public Records Management and Archives Act is unclear. The General Assembly amended both statutes in 1987 but did not attempt to reconcile them."